**Lilly AMBROSE, Movant,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 2–74–66.**

United States District Court, E. D. Tennessee, Northeastern Division.

May 7, 1974.

John L. Bowers, U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a pro se application for the writ of habeas corpus which the Court

treats as a motion to vacate and set aside its sentence. 28 U.S.C. § 2255. The movant Mr. Lilly Ambrose, in custody under sentence of this Court in United States of America, plaintiff, v. Luke Lyons, et al., defendants, criminal action no. 7244, this district and division, claims the right to be released. The gravamen of his claim appears to be that he was sentenced in violation of his right to due process of law, Constitution, Fifth Amendment. *Idem.*

 Mr. Ambrose claims (a) that his codefendant was named in the joint indictment as Luke Lyons, when he was in reality Louis Eugene Longcrier, and (b) that he (Mr. Ambrose) could not be convicted of aiding and abetting Mr. Lyons (or Longcrier) in the unlawful sale of whiskey, after the indictment had been dismissed as to the principal, his aforenamed codefendant.[1]

There is no merit in either of these contentions. It was not a prerequisite to Mr. Ambrose's conviction as an aider and abettor that his codefendant even be identified. United States v. Provenzano, C.A. 3d (1964), 334 F.2d 678, 691 [13], certiorari denied (1964), 379 U.S. 947, 85 S.Ct. 440, 13 L.Ed.2d 544. Further, prosecution was permitted to proceed against Mr. Ambrose as an aider and abettor alone after the indictment was dismissed as to the principal.[2] *Cf.* United States v. Hoffa, C.A. 6th (1965), 349 F.2d 20, 40 [21], affirmed (1966), 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374, rehearing denied (1967), 386 U.S. 940, 951, 87 S.Ct. 970, 971, 17 L.Ed.2d 880.

The motion and the files and records of the case showing conclusively that the prisoner is entitled to no relief, 28 U.S. C. § 2255, the movant Mr. Lilly Ambrose hereby is denied all relief. Should the

movant give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.

---

1. Mr. Longcrier was re-inducted under that name in criminal action no. 7319 in which the Court accepted his respective pleas of guilty to both counts, and, on February 7, 1974, sentenced such defendant to two years' probation.

2. Of course, it was necessary in criminal action no. 7244, *supra*, for the prosecution to have proved that the principal Mr. Longcrier committed the crime. United States v. Hoffa, *supra*, 349 F.(2d) at 40 [22].